IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DANIEL KWADJO AGYEPONG, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-192 CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, FELICIA SKINNER, | : | |
| JANET NAPOLITANO, and | : | |
| MICHAEL SWINTON | : | |
| | : | |
| Respondents. | : | |

_____

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' motion to dismiss, filed on February 15, 2012. (ECF No. 12.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. (Pet. for Writ of Habeas Corpus 2-4, ECF No. 1.) Along with the motion to dismiss, Respondents filed an Order of Supervision (Mot. to Dismiss Ex. C, ECF No. 12-3) showing that Petitioner was released on supervised release on December 22, 2011, pending his removal to his native country of Ghana. Because of Petitioner's release, Respondents now contend that Petitioners' pending § 2241 petition is moot and should be dismissed as such. (Mot. to Dismiss 3-6.) The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-

36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).

Here, Petitioner sought "only to be released from the physical custody of ICE until [his] travel documents can be secured, or that a time frame for ICE to acquire [his] travel document[s] be established." (Pet. for Writ of Habeas Corpus 4.) Petitioner has been released from the physical custody of ICE pending the procurement of proper travel documents for his deportation to Ghana. (Mot. to Dismiss Ex. C.) Furthermore, Petitioner is not contesting the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition. (Mot. to Dismiss Ex. C at 2, 5); *see Alvarez v. Holder*, Nos. 10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' Motion to Dismiss (ECF No. 12) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs. . Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner

may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 2nd day of April, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE